IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN PARADYSZ, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. _____ |
| STAR HOME HEALTH, INC. and CLEMENTINA IKWUEZUNMA, | § § § § | |
| Defendants. | § § | |

# COMPLAINT

Plaintiff John Paradysz, on behalf of himself and and others similarly situated, files this Complaint against Star Home Health, Inc. ("SHH") and Clementina Ikwuezunma (collectively "Defendants," showing as follows:

## INTRODUCTION

1. Defendants provide in home health care services. Plaintiff is a licensed vocation nurse. Defendants paid him, and other nurses, a piece rate of $30 for every patient he visited.

2. Plaintiff worked a significant number of hours, including overtime hours. Despite this, Defendants did not pay Plaintiff or other nurses overtime.

3. Accordingly, Plaintiff brings this suit to recover his overtime wages and seeks a collective action on behalf of other similarly situated employees.

## THE PARTIES AND JURISDICTION

**A.    Plaintiff**

4. Plaintiff John Paradysz is a natural person residing in Montgomery County, Texas. He was employed by Defendants within the three years of the filing of this lawsuit. He has standing to file this lawsuit.

**B.     Defendants**

5.     Defendant Star Home Health, Inc. ("SHH") is a Texas corporation with its headquarters in Harris County, Texas and may be served with process through its registered agent: Clementina Ikwuezunma at 8110 Misty Ridge Lane, Houston, Texas 77071.

6.     Defendant Clementina Ikwuezunma is the Director and owner of SHH.  She is a natural person who resides on information and belief in Fort Bend County, Texas and may be served at her residence at 13003 Lakeview Meadow Drive, Richmond, Texas 77469.  She is involved in the hiring and firing of the company's employees, day-to-day operations of SHH as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by SHH employees; SHH's finances; and corporate decisions, including decisions on whether to pay overtime to employees.

**C.     Putative Class**

7.     The "Members of the Class" are all current and former nurses of Defendants within the past three years who were paid on a piece rate basis.  All of the "Members of the Class" are similarly situated to Plaintiffs and to one another, within the meaning of section 216(b) of the FLSA.

8.     Exhibit A is Plaintiff's consent form.

**D.     Jurisdiction and Venue**

9.     The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.  For several years, Defendants have done business in the State of Texas, as well as within this district.

10.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, specifically the FLSA.

11. The Court has venue over this matter because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, many of the unlawful employment practices alleged in this case occurred in this district, and there are employment records relevant to Plaintiff's claims maintained and administered by Defendants in this district. 28 U.S.C. § 1391(b); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(3).

## FACTUAL AND LEGAL BACKGROUND

12. Defendants provide in home health care services.

13. Plaintiff is a licensed vocation nurse. He has an Associate's Degree from the University of Houston. Defendants paid him, and all other nurses, a piece rate of $30 for every patient visited by the nurse, as well as a $5 mileage reimbursement for every patient visited.

14. Plaintiff worked a significant number of hours, including overtime hours. So did Members of the Class.

15. Defendants did not pay Plaintiff or other nurses overtime.

16. Plaintiff did not customarily and regularly make sales at a customer's place of business or at a customer's home.

17. Plaintiffs typically worked a significant amount of overtime. So did Members of the Class.

18. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must provide compensation for all hours in excess of 40 at a rate of not less than one and one-half times the employee's regular rate. *See* 29 U.S.C. § 207(a)(1). There are some exemptions to this rule. Under the law, those exemptions are narrowly construed, and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

19. Defendants are not entitled to rely on any exemption potentially applicable to Plaintiff or Members of the Class because Defendants did not pay Plaintiff or Members of the Class on a salary basis.

20. Under the FLSA's regulations, there is an exception to the salary basis for persons "who is the holder of a valid license or certificate permitting the practice of law or medicine or any of their branches and who is actually engaged in the practice thereof." 29 C.F.R. § 541.3(e). Because the regulation is ambiguous, the Fifth Circuit defers to the Department of Labor's interpretation of the regulation, which excludes nurses. *Belt v. EmCare, Inc.*, 444 F.3d 403, 415-16 (5th Cir. 2006).

21. The regulations cited above have been in existence for many years, and Defendants' fundamental failure to follow the FLSA demonstrates bad faith and willfulness. In fact, at one point, after attending a seminar, an HR employee of Defendants told Defendants that there was an overtime problem with nurses, and Defendants ignored the advice.

## FLSA CLAIM FOR OVERTIME PAY

22. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. § 201, *et. seq*.

23. All conditions precedent, if any, to this suit, have been fulfilled.

24. At all material times, Plaintiff was an employee under the FLSA within the three years of the filing of this lawsuit. 29 U.S.C. § 203(e).

25. At all material times, Members of the Class were and are similarly situated to Plaintiffs were and are employees under the FLSA within the three years of the filing of this lawsuit. 29 U.S.C. § 203(e).

26. At all material times, Defendants are eligible and covered employers under the FLSA. 29 U.S.C. § 203(d).

27. At all material times, Plaintiff and Members of the Class routinely worked in excess of 40 hours per seven-day workweek.

28. At all material times, Plaintiff and Members of the Class routinely worked in excess of 40 hours per seven-day workweek and Defendants knew that.

29. At all material times, Plaintiff and Members of the Class were and are entitled to overtime compensation for hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(a)(1).

30. At all material times, Defendants failed to pay Plaintiff and Members of the Class overtime compensation for hours worked over 40 in a seven-day workweek.

31. Defendants' violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a). *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness). As indicated above, Defendants knew or should have known of the FLSA's requirements to pay certain workers overtime, and they failed to follow the law.

32. Under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The purpose of liquidated damages is to "compensate an employee for delay in payment." *Reich v. Helicopter Servs., Inc.*, 8 F.3d 1018, 1031 (5th Cir. 1993) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)). A court generally must award the full amount of actual damages as liquidated damages. *Singer*, 324 F.3d at 822–23. If the court concludes that the employer acted in good faith and had reasonable grounds for believing that the conduct did not violate the FLSA, the court may "award no liquidated damages or any amount" up to actual damages. 29 U.S.C. § 260; 29 C.F.R. § 790.22(b); *Singer*, 324 F.3d at 822–23.

33. It is the employer's burden to prove good faith and reasonableness. *Lee v. Coahoma County, Miss.*, 937 F.2d 220, 227 (5th Cir. 1991); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 925 (E.D. La. 2009). If the jury concludes that the employer has willfully violated the FLSA, the employer cannot demonstrate good faith, and the court must award liquidated damages in the full amount. *Singer*, 324 F.3d at 823 (citing *Heidtman v. County of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999)); *Lee*, 937 F.2d at 226. But "[a] finding that defendant's actions were not willful does not preclude a finding that defendant did not act in good faith and on reasonable grounds." *Johnson*, 604 F. Supp. 2d at 926 (citing *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1274 (11th Cir. 2008) ("Because the burden of proof is placed differently, a finding that willfulness was not present may co-exist peacefully with a finding that good faith was not present.")).

34. The employer's burden to demonstrate good faith and a reasonable belief that its actions complied with the FLSA is "substantial." *Singer*, 324 F.3d at 323; *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990). "Good faith cannot be based on ignorance, but instead 'requires some duty to investigate potential liability under the FLSA.'" *Johnson*, 604 F. Supp. 2d at 926 (quoting *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468–69 (5th Cir. 1979)). The employer must show that it "had an honest intention to ascertain what the Act requires and to act in accordance with it." *Id*. (citing *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991) (internal citations omitted)). Even if the court concludes that the employer acted reasonably and in good faith, there is a "strong presumption ... in favor of doubling." *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 929 (quoting *Shea v. Galaxie Lumber & Constr. Co.*, 152 F.3d 729, 733 (7th Cir. 1998)). "Doubling of an award is the

norm...." *Id*. (discussing the Family and Medical Leave Act, which uses essentially the same damages scheme as the FLSA).

35. Defendants cannot prove "good faith." *See, e.g.*, *Riddle v. Tex-Fin, Inc.*, Civil Action No. H–08–31212011, WL 1103033, at *4 (S.D. Tex. Mar. 22, 2011) (awarding liquidated damages in FLSA case even where the jury did not find the violation to be willful); *Tran v. Thai*, NO. CIV.A. H-08-3650, 2010 WL 5232944, at *6 (S.D. Tex. Dec. 16, 2010) (granting summary judgment for the plaintiff in an FLSA case on the question of "good faith," stating "though the defendants conducted internet research once to determine whether a receptionist was covered by the FLSA and were unsure as to whether they had sufficient gross revenue to be an employer under the FLSA, the defendants have identified no evidence of any specific and ongoing efforts to comply with the FLSA. The plaintiffs are entitled to summary judgment on this defense."); *Bolick v. Mgmt. by Skylane, LLC*, Civ. A. No. H-07-2261, 2008 WL 4589961 (S.D. Tex. Oct. 14, 2008) (testimony from executive that his company "has always endeavored to comply with the terms of all applicable state and federal laws, including the [FLSA]" was insufficient to withstand plaintiffs' motion for summary judgment on liquidated damages because there was "no evidence of any specific ongoing efforts by defendant to comply with the FLSA.").

36. The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . . ." *See* 29 U.S.C. § 216(b). *See, e.g., Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00).

37. Where, as here, "the employers' actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide

basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide class in FLSA misclassification case).

38. Accordingly, Plaintiffs seek to represent a class under 29 U.S.C. § 216(b) on behalf of:

"all current and former nurses of Defendants in the past three years"

## JURY DEMAND

39. Plaintiffs demand a jury trial.

## DAMAGES AND PRAYER

Plaintiffs ask that the Court issue a summons for Defendants to appear and answer, and that Plaintiffs and those similarly situated to Plaintiffs be awarded a judgment against Defendants for the following:

- a. Actual damages in the amount of unpaid overtime wages under the FLSA;
- b. Liquidated damages under the FLSA;
- c. Pre-judgment and post-judgment interest;
- d. Court costs;
- e. Reasonable attorneys' fees; and
- f. All other relief to which Plaintiff and those similarly situated to Plaintiff is entitled under the FLSA.

Respectfully submitted,

OBERTI SULLIVAN LLP


By: s/ Edwin Sullivan
Edwin Sullivan
State Bar No. 24003024
S.D. Texas No. 24524
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile
ed@osattorneys.com

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

OBERTI SULLIVAN LLP
Mark J. Oberti
Texas Bar No. 00789951
Southern District ID No. 17918
712 Main Street, Suite 900
Houston, TX 77002
 (713) 401-3555 – Telephone
 (713) 401-3547 – Facsimile
mark@osattorneys.com

THE CRAIGHEAD LAW FIRM, PLLC
Clayton D. Craighead
State Bar No. 24065092
S.D. Texas No. 958992
440 Louisiana, Suite 900
Houston, TX 77002
(832) 798-1184 – Telephone
(832) 553-7261 – Facsimile
clayton.craighead@thetxlawfirm.com

ATTORNEYS FOR PLAINTIFFS