UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN PARADYSZ, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 4:17-CV-655 |
| STAR HOME HEALTH, INC., *et al*, | § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiff's Motion for Conditional Certification and Court-Authorized Notice (Doc. #9), Defendants' Response (Doc. #12), and Plaintiff's Reply (Doc. #14). Having considered counsels' arguments and the applicable law, the Court grants in part, and denies in part, Plaintiff's Motion for Conditional Certification.

### I. Background

This case arises under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 201, *et seq*. The FLSA generally requires that an employer employing an employee for a workweek exceeding forty (40) hours must provide compensation at a rate of not less than one and one-half times the employee's regular rate for all hours in excess of 40 hours. *See* 29 U.S.C. § 207(a)(1). In this case, the named Plaintiff is a former Licensed Vocational Nurse for Defendant Star Home Health, Inc. ("SHH") whom alleges he and similarly situated individuals were not paid appropriately under the FLSA.[1] Defendant Tina Ikwuezunma is the owner of SHH. Plaintiff sues both Defendants for these alleged violations of the FLSA. Specifically, Plaintiff alleges that he and similarly situated current and former Registered Nurses ("RN") and Licensed Vocational

---

[1] Defendants raise the appropriateness of Defendant Tina Ikwuezunma as a Defendant. This issue is more appropriately addressed with a motion to dismiss. As such, the Court will not address these assertions within this Order.

Nurses ("LVN") of Defendants were paid a set sum for each patient they visited and an additional sum as reimbursement for mileage. However, though never being paid a salary by Defendants, Plaintiff urges that he, and other LVNs, regularly worked over 40 hours per workweek without overtime compensation. Doc. #9, Ex. H. It is this alleged compensation scheme that creates the alleged violations in this case.

The FLSA allows for an opt-in collective action against employers who violate § 207 of the FLSA. Plaintiff moves for conditional certification of a class under this provision. The articulated class would consist of current and former Registered and Licensed Vocational Nurses for Defendants that were subjected to the above pay scheme. Defendants respond by alleging this case is inappropriate for class treatment because of numerous individual issues. As laid out below, Plaintiff has met the lenient burden of conditional certification as to similarly situated LVNs, but fails to meet the burden in regard to a proposed class including allegedly similarly situated RNs. As such, this Court approves a class consisting of only LVNs working for Defendants under a similar compensation structure for the applicable time period.

## II. Legal Standards

Under § 207(a) of the FLSA, covered employers are required to compensate nonexempt employees at overtime rates for time worked in excess of statutorily-defined maximum hours. 29 U.S.C.A. § 207(a). Section 216(b) of the FLSA establishes an opt-in collective action against employers who violate § 207. 29 U.S.C.A. § 216(b). Unlike the Rule 23 class action, plaintiffs must affirmatively notify the court of their intention to become parties by opting-in to the action. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995) *overruled on other grounds by Desert Palace, Inc. v. Costa,* 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003). However, notice to potential plaintiffs does not issue unless a court conditionally certifies the

case as a collective action. *See Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 170–71, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); *Villatoro v. Kim Son Rest., L.P.*, 286 F.Supp.2d 807, 809 (S.D. Tex. 2003). Courts recognize two methods for determining whether to authorize notice to similarly situated employees: the two-step *Lusardi* approach and the class-action based *Shushan* approach. *See Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J.1987); *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo.1990). Though the Fifth Circuit has not yet determined which method is more appropriate, most courts, including district courts in this circuit, use the *Lusardi* approach rather than the Rule 23 requirements. *See, e.g., Maynor v. Dow Chemical*, 671 F.Supp.2d 902, 930–31 (S.D. Tex. 2009); *Mielke v. Laidlaw Transit, Inc.*, 313 F.Supp.2d 759, 762 (N.D. Ill. 2004) (stating that most courts have used or implicitly approved the two-step method); *Mooney*, 54 F.3d at 1217 (declining to mandate either theory). Accordingly, this Court will apply the *Lusardi* approach in this case.

The first *Lusardi* step is to decide whether to issue notice to potential class members. *See Mooney*, 54 F.3d at 1213–14. The court's decision at this stage is often based only on the pleadings and any affidavits that have been submitted. *Id*. "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" that provides potential class members with notice and the opportunity to opt-in. *Id.* at 1214. A plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt-in to the lawsuit. *Aguirre v. SBC Commc'ns, Inc.*, No. 05-3198, 2006 WL 964554, at *6 (S.D. Tex. Apr. 11, 2006); *see also Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 861 (S.D. Tex. 2012).

3

A factual basis for "substantial allegations" that potential class members were "together the victims of a single decision, policy, or plan" is needed to satisfy the first step. *Mooney*, 54 F.3d at 1213–14 (citing *Sperling v. Hoffman–La Roche, Inc.*, 118 F.R.D. 392, 407 (D. N.J. 1988)); *See also Hall v. Burk*, No. 3:01–CV2487H, 2002 WL 413901, at *3 (N.D. Tex. Mar.11, 2002) (stating that "[u]nsupported assertions of widespread violations are not sufficient to meet plaintiff's burden"). There must be a showing of identifiable facts or legal nexus that bind the claims so that hearing them together promotes judicial efficiency. *Corcione v. Methodist Hosp.*, No. CIV.A. G-14-160, 2014 WL 6388039, at *3 (S.D. Tex. Nov. 14, 2014). "A court may deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *England v. New Century Fin. Corp.*, 370 F.Supp.2d 504, 507 (M.D. La. 2005); *see also Barron v. Henry Cnty. Sch. Sys.*, 242 F.Supp.2d 1096, 1104 (M.D. Ala. 2003) ("[T]he mere fact that violations occurred cannot be enough to establish similarity, as that would not ultimately be sufficient to establish a pattern and practice without a showing that the violations were more than sporadic occurrences.").

If a court conditionally certifies a class, the case proceeds as a collective action during discovery. *See Mooney*, 54 F.3d at 1214. The second of *Lusardi's* two analytical steps typically occurs when discovery is largely complete and the defendant moves to decertify the class. *See id.*; *Lusardi*, 118 F.R.D. at 359. At that point, the court factually determines whether the employees are similarly situated. *Mooney*, 54 F.3d at 1214. If so, the collective action proceeds. *See id.*; *Basco v. Wal–Mart Stores, Inc.*, No. 00–cv–3184, 2004 WL 1497709, at *3 (E.D. La. July 2, 2004). If the court decertifies the class, the opt-in plaintiffs are dismissed without prejudice and the original plaintiffs proceed on their individual claims. *England*, 370

F.Supp.2d at 508. Neither the first nor second stage is an opportunity for the court to rule on the merits of the case by deciding factual disputes or making credibility determinations. *Corcione*, 2014 WL 6388039, at *3.

### III. Analysis

Under *Lusardi*, at this stage, a plaintiff must show: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and, if required, (3) those individuals want to opt-in to the lawsuit. The Court will address each in turn.

#### A. Reasonable Basis for Crediting Assertions that Aggrieved Individuals Exist

The Plaintiff has met his burden of showing that there is a reasonable basis for assuming that other individuals exist. Plaintiff has submitted a declaration stating that he and other LVNs routinely worked more than 40 hours per workweek but were never paid overtime. Doc. #9 Ex. H. Further, Defendants admit in their response to Plaintiff's Motion that LVNs are paid on a per visit basis—the same compensation scheme forming the basis of Plaintiff's claims. *Id.* Though Plaintiffs' position could be strengthened by affidavits from other aggrieved individuals, the Court finds the above evidence sufficient to demonstrate a reasonable basis for crediting Plaintiff's assertion that other aggrieved individuals exist under the light standard applicable at this stage. *See, e.g., Heeg*, 907 F. Supp. 2d at 862 (finding element satisfied with two affidavits from opt-in plaintiffs plus acknowledgment that at least eighteen individuals held the position). This is a unique FLSA case in which job duties and/or potential exemptions under the FLSA are not at issue; as such, when considering that Defendants admit all LVNs were subjected to the

same compensation scheme, additional affidavits from similarly aggrieved individuals are not necessary.

### B. Aggrieved Individuals Are Similarly Situated to Plaintiff in Relevant Respects Given the Claims and Defenses Asserted.

This element requires the plaintiff show that class members were victims of a single decision, policy, or plan. *Mooney*, 54 F.3d at 1213–14. Here, Plaintiff alleges that all LVNs were paid under the same per visit compensation scheme, and Defendants essentially admit as much in their response. Additionally, Plaintiff states in his declaration that many of the LVNs employed during his employment worked over 40 hours per workweek and were not compensated with overtime pay. This pay scheme creates the legal and factual nexus needed to establish these claims are similar enough that judicial efficiency will be accomplished by hearing the claims together. *Corcione*, 2014 WL 6388039, at *3. Accordingly, under the fairly lenient standard at the notice stage, the Plaintiff, who worked for the Defendants as a LVN, has established that he is similarly situated to other LVNs subject to the same compensation scheme.

However, Plaintiff is attempting to certify a class consisting of both LVNs and RNs. Defendants argue that Plaintiff is not similarly situated to a potential class including RNs because duties and skills among LVNs and RNs differ greatly. Doc. #12 at 11-12. This Court agrees. Plaintiff has presented no evidence that he was similarly situated to RNs employed by Defendants. As such, Plaintiff's requested inclusion of RNs in his proposed class is denied. In regard to a class of only LVNs, Defendants never point to any differences that would undermine the judicial efficiency gained by certifying such a class. At best, Defendants allege fraud on the part of the original Plaintiff in reporting his hours worked, and allege such actions destroy any

similarity between him and other LVNs. Consideration of such an assertion at this early stage is inappropriate.

### C. Individuals want to Opt-in to the Lawsuit

Many courts have determined that plaintiffs do not need to present evidence that potential plaintiffs desire to opt-in. *Jesiek v. Fire Pros, Inc.*, 275 F.R.D. 242, 247 (W.D. Mich. 2011) ("Plaintiff's failure to provide evidence that potential opt-in plaintiffs' desire to opt-in is not fatal to their motion."); *Villarreal v. St. Luke's Episcopal Hospital*, 751 F.Supp.2d 902, 915 (S.D.Tex.2010) ("The court agrees that a plaintiff need not present evidence at this stage of the third element, that aggrieved individuals actually want to opt-in to the lawsuit."). Other courts require a showing that at least a few individuals want to join. *Simmons v. T–Mobile*, No. H–06–1820, 2007 WL 210008, at *9 (S.D.Tex. Jan. 24, 2007) ("The Court concludes that a showing is necessary that at least a few similarly situated individuals seek to join the lawsuit."). If such a requirement does exist, the Court finds the Notice of Consent filed by Jana Byers (Doc. #18) is sufficient to satisfy the requirement. Accordingly, Plaintiff has met all of his initial burdens, and conditional certification is appropriate.

### D. Notice and Request for Data about Potential Class Members

The Court requires Defendants to produce, in usable electronic format, within fourteen days of the date of the Order: the names, last known personal and work addresses, personal and work email addresses, and dates of work of all persons who performed work for Defendant as LVNs from three years prior to the filing of this order until the date of this order. The information should be verified as complete and accurate by one of the Defendants' corporate representatives. Finally, the Court orders the parties to confer about the contents of the future notice, and to provide the Court with a proposed notice within twenty-one days of the date of this

Order. Additionally, the parties should confer about the proper method for distribution and return of the notices. If the parties cannot agree upon either of these issues, they must each file their proposed notice and proposed method of distribution and return.

## IV. Conclusion

For the reasons discussed above, Plaintiff's Motion is GRANTED in part, DENIED in part. The Court conditionally certifies the following class: "All LVNs who worked for Defendants and were paid a non-salary project rate at any time since three years prior to the issuance of this order."

It is so ORDERED.

JAN 3 0 2018
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge